### STATE v. CANO.

No. 4216.  Decided December 9, 1924.   (231 Pac. 121.)

CRIMINAL LAW—SECOND MOTION FOR NEW TRIAL, FILED MONTHS
AFTER STATUTORY TIME FOR MOTION, HELD NULLITY.  Second
motion for new trial for newly discovered evidence, filed
months after time provided in Rev. St. 1898, § 4953, for filing
motions for new trials was a nullity, and should have been
disregarded, and appeal from order overruling it will be dis-
missed.[1]

Appeal from District Court, Third District, Salt Lake
County; *G. A. Iverson,* Judge.

Pedro Cano was convicted of an offense.  From an order
overruling a second motion for a new trial, defendant ap-
peals.

DISMISSED.

*John F. Tobin,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal. Farr,* Asst. Atty.
Gen., for the State.

GIDEON, J.

This is the second appeal in this case.  The facts concern-
ing the offense of which the defendant was found guilty will
be found in the opinion of the court affirming the judgment
of conviction in *State* v. *Cano,* 64 Utah 87, 228 P. 563.
Upon receipt of the remittitur of this court by the clerk of
the district court, the defendant filed what is designated
"Second motion for a new trial."  That motion was consid-
ered by the court and denied.  The motion was based upon
alleged newly discovered evidence.  Affidavits were submit-

[1] *State* v. *Morgan,* 23 Utah, 212, 64 P. 356.
See (1) 16 C. J. p. 1211.

ted, setting out in detail such claimed new evidence. From the order of the trial court denying the motion for a new trial, this appeal is prosecuted.

The Attorney General has filed a motion to dismiss the appeal on the grounds   (a) That the court has passed upon every question presented in the attempted appeal; (b) that the second motion for new trial, which it is claimed is based upon newly discovered evidence, was not made within the time required by law; (c) that the second appeal is without authority of law, and no showing is made that the defendant could not have, with reasonable diligence, procured the newly discovered evidence and presented the same at the trial of the case.

At the argument, it was agreed that the motion to dismiss the appeal and the case upon the merits should be submitted together.   The argument of the Attorney General on the motion to dismiss is based largely upon the ground that the district court was without jurisdiction to entertain and pass upon the so-called second motion for a new trial.

Appellant bases his right to have the second motion for a new trial entertained by the court upon the opinion of this court in *State* v. *Morgan*, 23 Utah, 212, 64 P. 356. The effect of the opinion in that case is that new evidence discovered after conviction and after an appeal had been taken, could be considered by the court upon a second motion for new trial.   The second motion for a new trial in the *Morgan Case* was made after the judgment had been affirmed by the appellate court and the remittitur filed with the clerk of the trial court.

The court was then proceeding under section 4953 of the Revised Statutes of Utah 1898.   Section 4952 of that revision enumerates the grounds upon which application for new trials may be made.   Subdivision 7 of that section provides that, when new evidence shall have been discovered, material to defendant, and which could not, with reasonable diligence, have been discovered and produced at the trial, a new trial may be granted.   Section 4953, supra, reads as follows:

"The application for a new trial must be made upon written notice of motion designating the grounds upon which it is made, and, if based upon any of the grounds mentioned in subdivisions two, three, four, and seven of the preceding section, must be filed and served within thirty days after the discovery of the facts upon which the party relies in support of his motion; and in all other cases, notice of motion must be filed within five days after the rendition of the verdict."

The decision in *State* v. *Morgan* was rendered at the October term, 1900. Section 4953, supra, was amended in 1903 (Laws 1903, c. 49), and as amended provided that a motion for a new trial, based upon newly discovered evidence, must be filed and served within 60 days after the rendition of the verdict. The section was again amended in 1915 (Laws 1915, c. 113), and as thus amended provides that the written notice designating the grounds must be served and filed within 5 days after the rendition of the verdict; and the affidavits in support of such motion, if based upon newly discovered evidence, must be served and filed within 30 days after the filing of the notice of motion.

It will thus be seen that the statute at the date of the decision in the *Morgan Case* provided that the motion for a new trial based upon newly discovered evidence, "must be filed and served within thirty days after the discovery of the facts." The statute, as amended, provides that the motion for a new trial, based upon newly discovered evidence, must be filed and served within 5 days after the rendition of the verdict, and the affidavits in support thereof filed within 30 days.

Defendant was convicted by the verdict of the jury on April 24, 1923. A motion for new trial was at that time made. The court denied that motion. An appeal was taken to this court, and the judgment affirmed. There is no provision of the statute authorizing a second motion for a new trial, but in any event it will be seen that the time for filing motions for a new trial had expired months before this second motion was filed or presented to the court. There is no other or different provision in the statute authorizing the filing of a motion for a new trial upon the ground of newly

Appeal from Third District

discovered evidence than as stated in the statutes quoted and referred to. The court was therefore without jurisdiction to entertain this second motion for new trial. Doubtless, if the district attorney had asked the court to strike the motion, that would have been done. The fact that the court heard arguments upon it and overruled it cannot affect the question of the court's jurisdiction to entertain the motion.

We can see no escape from the conclusion that the court was without jurisdiction, and that the motion was a nullity, and should have been disregarded by the court.

It may be doubted whether the opinion in the *Morgan Case* would support the claim of appellant here, if the statute had not been amended, but the amendment makes the opinion in that case of no binding effect upon the court under the statute as amended.

The only error assigned by appellant is the refusal of the court to grant the second motion for new trial. The trial court being without jurisdiction to entertain that motion, it necessarily follows that the appeal is without merit, and there is nothing in the record for this court to review. The appeal is therefore dismissed.

WEBER, C. J., and FRICK and CHERRY, JJ., concur.

THURMAN, J., did not participate herein.